## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

MORGAN STANLEY REAL ESTATE U.S.,

       Plaintiff,

v.

THE LUBRIZOL CORPORATION, an Ohio
corporation; and SIMPLEXGRINNELL LP, a
Delaware limited liability company,

       Defendants.

_____/

CASE NO. **09 - 60106**

**CIV - GOLD** /McALILEY

FILED by _AJS_ D.C.

JAN 2 0 2009

STEVEN M. LARIMORE
CLERK U. S. DIST CT
S. D. of FLA. – MIAMI

## DEFENDANT SIMPLEXGRINNELL LP'S
## NOTICE OF REMOVAL

COMES NOW Defendant SimplexGrinnell LP[1] ("SimplexGrinnell"), by and

through its undersigned counsel, and pursuant to 28 U.S.C. 28 §§ 1441 and 1446, and hereby

files its Notice of Removal of this case from the Circuit Court of the 17th Judicial Circuit in and

for Broward County, Florida, to this Court. The grounds for removal are as follows:

     1.     Morgan Stanley Real Estate U.S. ("Plaintiff") commenced this action in

the Circuit Court of the 17th Judicial District in and for Broward County, Florida, on December

17, 2009, Case No. CACE 08-61572 11 ("State Court Action").

     2.     On December 23, 2008, SimplexGrinnell was served with a Summons, a

copy of Plaintiff's Complaint, and discovery requests.

     3.     Upon information and belief, as of the date of this filing, no document has

been filed in the State Court Action other than the (1) Complaint; (2) Notice of Serving First Set

of Interrogatories to Defendant The Lubrizol Corporation ("Lubrizol"); (3) Notice of Serving

---

[1] SimplexGrinnell LP was incorrectly identified by Plaintiff in the state court action as "Grinnell
LLC, f/k/a Grinnell Fire Protection Systems Company, Inc."

First Request to Produce to Lubrizol; (4) Notice of Serving First Set of Interrogatories to SimplexGrinnell; and (4) Notice of Serving First Request to Produce to SimplexGrinnell; (5) Lubrizol Answer to Complaint, copies of which are attached hereto as Composite Exhibit "A."

4.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely, as it has been filed with this Court within thirty (30) days after service of the State Court Action.

5.    Pursuant to 28 U.S.C. § 1332(a), this action involves citizens of different states and, therefore, complete diversity exists.    SimplexGrinnell is a Delaware limited partnership, with its principal place of business located in Boca Raton, Florida, and its partners are comprised of GFS Holding, a Delaware general partnership; Master Protection Corporation, a Delaware corporation; STR Grinnell GP Holding, Inc., a Nevada corporation; and Simplex Time Recorder Co., a Massachusetts corporation. Lubrizol is an Ohio corporation, with its principal place of business located in Wickliffe, Ohio. SimplexGrinnell's research concludes that Plaintiff is not domiciled in Delaware, Ohio, or Florida.

6.    Upon information and belief, the amount in controversy in this action, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00), pursuant to 28 U.S.C. § 1332(a).

7.    This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 because (1) the citizenship of Plaintiffs is wholly diverse from the citizenship of SimplexGrinnell; and (2) upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00). Removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441, *et seq.*

8.    Lubrizol has consented to removal of this action.

9.    Pursuant to 28 U.S.C. § 102(a)(1) removal to this Court is proper.

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171
3289016v1

10.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon SimplexGrinnell in the State Court Action are attached hereto as Composite Exhibit "A," and by this reference specifically made a part hereof.

11.     SimplexGrinnell LP's Corporate Disclosure statement is attached as "Exhibit B."

12.     Notice of the filing of this Notice of Removal shall be provided to counsel for Plaintiff and Lubrizol, and a copy of this Notice of Removal shall be filed with the Clerk of Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, pursuant to 28 U.S.C. § 1446(d).   Under the provisions of 28 U.S.C. § 1441 and all applicable statutes with which Plaintiff, Lubrizol, and SimplexGrinnell have complied, this action is removed to the United States District Court for the Southern District of Florida.

WHEREFORE, SimplexGrinnell hereby gives notice of the removal of this action from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.
Miami Center, Suite 2400
201 South Biscayne Boulevard
Miami, FL 33131-4332
Telephone:  305-358-5171
Facsimile:  305-358-7470
skozolchyk@shb.com

By: _____
SALO KOZOLCHYK
Florida Bar No. 0017364

– 3 –

LAW OFFICES
SHOOK, HARDY & BACON
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171
3289016v1

CASE NO. CACE 08-61572 11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20 day of January,

2009, a true and correct copy of the foregoing has been furnished by U.S. Mail to the following

counsel of record:

| | |
|---|---|
| Scott F. Cohen<br>CONROY, SIMBERG, GANON, KREVANS,<br>ABEL, LURVEY, MORROW & SCHEFER, P.A.<br>3440 Hollywood Boulevard.<br>Second Floor<br>Hollywood, FL 33021<br>Telephone: 954-961-1400<br>Facsimile: 954-967-8577<br>scohen@conroysimberg.com<br><br>***ATTORNEYS FOR PLAINTIFF*** | Eric C. Roberson<br>McGUIREWOODS LLP<br>Bank of America Tower, Suite 3300<br>50 North Laura Street,<br>Jacksonville, FL 32202-3661<br>Telephone: 904.798.2614<br>Facsimile: 904.360.6351<br>eroberson@mcguirewoods.com<br><br>James C. Earle<br>McGUIREWOODS LLP<br>1800 Century Park East<br>Eighth Floor<br>Los Angeles, CA 90067<br>Telephone: 310.315.8286<br>Facsimile: 310.956.3186<br>jearle@mcguirewoods.com<br><br>***ATTORNEYS FOR DEFENDANT***<br>***THE LUBRIZOL CORPORATION*** |

Salo Kozolchyk

LAW OFFICES<br>SHOOK, HARDY & BACON<br>MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171

3289016v1

# Exhibit  A

087598

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:   **08  61572**

MORGAN STANLEY REAL
ESTATE U.S.,

      Plaintiff,

vs.

THE LUBRIZOL CORPORATION,
a foreign corporation; and GRINNELL LLC,
f/k/a GRINNELL FIRE PROTECTION
SYSTEMS COMPANY, INC., a foreign
limited liability company,

      Defendants.

_____/



A TRUE COPY

DEC 17 2008

HOWARD C. FORMAN
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FL

## COMPLAINT FOR DAMAGES

    COMES NOW the plaintiff, MORGAN STANLEY REAL ESTATE U.S.
("MORGAN STANLEY"), and sues the defendants, THE LUBRIZOL CORPORATION
("LUBRIZOL") and GRINNELL LLC, f/k/a GRINELL FIRE PROTECTION SYSTEMS
COMPANY, INC. ("GRINNELL"), and alleges as follows:

    1.    This is an action for damages which exceed the sum of FIFTEEN THOUSAND
DOLLARS ($15,000.00).

2.    Defendants, LUBRIZOL and GRINNELL, are foreign corporations licensed to do business in the state of Florida and which, at all times material hereto, were doing business within Broward County therein.

3.    At all times material hereto, LUBRIZOL was a multi-national corporation engaged in the business of manufacturing industrial products, including fire sprinkler systems for use in commercial applications.

4.    At all times material hereto, GRINNELL was in the business of designing, engineering, assembling and installing fire sprinkler systems in commercial buildings, including those designed manufactured, and sold by LUBRIZOL.

5.    Some time prior to March 25, 2008, LUBRIZOL sold to GRINNELL a Blazemaster CPVC fire sprinkler system, which was comprised of several component parts, including but not limited to various CPVC piping ("the Piping").

6.    GRINNELL then installed the Blazemaster CPVC fire sprinkler system, including the Piping, in a commercial property owned by MORGAN STANLEY.

7.    On or about March 25, 2008, the commercial property and other property of MORGAN STANLEY suffered significant damage when the Piping of the Blazemaster CPVC fire sprinkler system installed by GRINNELL failed, causing severe and permanent water damage to the premises and other property of MORGAN STANLEY. The repair of these damages and the replacement of damaged items required the expenditure of TWO HUNDRED SEVENTEEN THOUSAND ONE HUNDRED FORTY-SIX AND 84/100 DOLLARS ($217,146.84).

## COUNT I

### Strict Products Liability
### Against Defendants, Lubrizol and Grinnell

The plaintiff reavers and reaffirms each and every allegation contained in paragraphs 1 through 7 as if fully set forth herein.

8.    The Piping was designed, manufactured, distributed and sold by LUBRIZOL to GRINNELL and then sold or moved through the stream of commerce by GRINNELL to MORGAN STANLEY in a defective condition, unreasonably dangerous to foreseeable users such as MORGAN STANLEY. More specifically, the Piping was manufactured with a defect which caused it to suffer one or more stress fractures when it was placed into its usual and customary usage by MORGAN STANLEY in a manner for which it was intended.

9.    Due to this manufacturing defect, the Piping designed, manufactured, distributed and sold by LUBRIZOL and GRINNELL was placed on the market in a defective and unreasonably dangerous condition.

10.   Due to this manufacturing defect, the risk of danger to foreseeable users of the Piping such as MORGAN STANLEY outweighed the benefits of the product.

11.   MORGAN STANLEY was unaware of the defective and unreasonably dangerous condition presented by the Piping.

12.   LUBRIZOL and GRINNELL knew or should have known that the Piping would be used without inspection for the aforedescribed defects, and, by placing the Piping on the market, represented that it would safely do the job for which it was intended.

-3-

13.   As a direct and proximate result of the aforementioned defectiveness of the Piping, a flood ensued which caused extensive damage to the premises of MORGAN STANLEY.

WHEREFORE, MORGAN STANLEY demands judgment for damages against LUBRIZOL and GRINNELL in the amount of $217,146.84, pre-judgment interest and its costs herein, and further demands trial by jury.

## COUNT II

### Negligence Against Defendants, Lubrizol And Grinnell

The plaintiff reavers and reaffirms each and every allegation contained in paragraphs 1 through 7 as if fully set forth herein.

14.   At all times material hereto, LUBRIZOL and GRINNELL owed a duty to MORGANTANLEY to design, manufacture, distribute and sell the Piping and to provide adequate instructions and warnings to be utilized or relied upon by foreseeable users of this product such as MORGAN STANLEY, in such a manner that the Piping would be reasonably safe for its intended use and fit for the particular purpose for which it was intended.

15.   At all times material hereto, LUBRIZOL and GRINNELL breached said duties by, among other things, the following acts and omissions:

a.   Negligently designing and/or manufacturing the Piping in a manner that permitted it to fail and suffer multiple stress fractures when used in a manner for which it was intended and for the purpose for which it was designed.

-4-

b.    By failing to warn MORGAN STANLEY, and others like them, that the the Piping could fail when used in a manner for which it was intended and for the purpose for which it was designed.

16.    Due to this defect, the Piping was knowingly designed, manufactured, distributed and sold by both LUBRIZOL and GRINNELL in a defective and unreasonably dangerous condition.

17.    Due to these defects, the Piping was knowingly designed, manufactured, distributed and was sold by LUBRIZOL and GRINNELL in a defective condition such that the risk of danger to foreseeable users such as MORGAN STANLEY from the use of this product outweighed the benefits of this product.

18.    MORGAN STANLEY was unaware of the defective and unreasonably dangerous condition presented by the Piping.

19.    LUBRIZOL and GRINNELL knew or should have known that the Piping would be used without inspection for the aforedescribed design and/or manufacturing defects and, by placing it on the market, represented that it would safely do the job for which it was intended

20.    As a direct and proximate result of the aforementioned negligence of LUBRIZOL and GRINNELL in the design and/or manufacture of the Piping, a flood ensued which caused extensive damage to the premises and other property of MORGAN STANLEY.

WHEREFORE, MORGAN STANLEY demands judgment for damages against LUBRIZOL and GRINNELL in the amount of $217,146.84, pre-judgment interest and its costs herein, and further demands trial by jury.

## COUNT III

### Negligence Against Defendant, Grinnell

The plaintiff reavers and reaffirms each and every allegation contained in paragraphs 1 through 7 as if fully set forth herein.

21.  At all times material hereto, GRINNELL owed a duty to MORGAN STANLEY to distribute, sell and install the Piping, and to provide adequate instructions and warnings to be utilized or relied upon by foreseeable users of this product, such as MORGAN STANLEY, in such a manner that it would be reasonably safe for its intended use and fit for the particular purpose for which it was intended.

22.  At all times material hereto, GRINNELL breached said duties by, among other things, the following acts and omissions:

a.     Negligently designing and/or installing the Piping in a manner that made it unable to bear a sufficient load as called for in the design plans and specifications for the fire sprinkler system;

b.     Negligently placing a greater load upon the Piping than it was designed or manufactured to withstand;

-6-

c.   Failing to warn MORGAN STANLEY, and others like it, that the Piping was unable to bear a sufficient load as called for in the design plans and specifications for the fire sprinkler system.

23.   As a direct and proximate result of the aforementioned negligence of GRINNELL, a flood ensued which caused extensive damage to the premises and other property of MORGAN STANLEY.

WHEREFORE, MORGAN STANLEY demands judgment for damages against GRINNELL in the amount of $217,146.84, pre-judgment interest and its costs herein, and further demands trial by jury.

Respectfully submitted this 16th day of December, 2008.

CONROY, SIMBERG, GANON, KREVANS,
ABEL, LURVEY, MORROW & SCHEFER, P.A.
*Attorneys for Plaintiff*
3440 Hollywood Blvd., 2nd Floor
Hollywood, Florida 33021
Tel:   (954) 961-1400
Fax:   (954) 967-8577

By: _____
Stuart F. Cohen
Florida Bar No. 986178

087598

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:          08    6 15 7 2
                              11

MORGAN STANLEY REAL
ESTATE U.S.,

      Plaintiff,

vs.

THE LUBRIZOL CORPORATION, a
foreign corporation; and GRINNELL LLC,
f/k/a GRINNELL FIRE PROTECTION
SYSTEMS COMPANY, INC., a foreign
limited liability company,

      Defendants.
_____/



A TRUE COPY

DEC 1 7 2008

HOWARD C. FORMAN
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FL

## NOTICE OF SERVING FIRST SET OF INTERROGATORIES
## TO DEFENDANT, THE LUBRIZOL CORPORATION

      COMES NOW the plaintiff, by and through undersigned counsel and pursuant to

Rule 1.340, Florida Rules of Civil Procedure, and propounds the attached First Set of

Interrogatories, numbered 1 through 18, to the defendant, THE LUBRIZOL

CORPORATION, to be answered in writing, under oath, within the time and in the manner

prescribed by the Rules.

## Certificate of Service

I HEREBY CERTIFY that on December 16, 2008, a true and correct copy hereof, as well as the original and one copy of the First Set of Interrogatories, were delivered to a qualified process server to be served upon said defendant along with the Summons and Complaint for Damages herein.

CONROY, SIMBERG, GANON, KREVANS,
ABEL, LURVEY, MORROW & SCHEFER, P.A.
*Attorneys for Plaintiff*
3440 Hollywood Blvd., 2nd Floor
Hollywood, Florida 33021
Tel:    (954) 961-1400
Fax:    (954) 967-8577

By: _____
        Stuart F. Cohen
        Florida Bar No. 986178

- 2 -

## FIRST SET OF INTERROGATORIES TO DEFENDANT

### Definitions

a.   For purposes of these Interrogatories, the term "you" or "your" refers to THE LUBRIZOL CORPORATON, as well as any subsidiary, predecessor or successor entity.

b.   For purposes of these Interrogatories, the term "product" or "subject product" refers to the product identified in the Complaint for Damages as the "Piping."

c.   For purposes of these Interrogatories, the term the "incident" or the "subject incident" refers to the incident described in the Complaint for Damages herein.

### Interrogatories

1.   What is the name and address of the person answering these interrogatories and if applicable, the person's official position or relationship with the party to whom these interrogatories are directed.

2.   Please describe with particularity the make, model, description and trade name of the subject product, as well as the serial number of the subject product if you are able to determine it.

3.   Did you or any agent or employee of yours design, manufacturer, assemble, package, sell, distribute, advertise, install, service, prepare, maintain or in any way handle the subject product? If yes, please state:

   a.   The address of the plant where the subject product were manufactured;

   b.   The exact date, to the best of your knowledge, on which the subject product was manufactured;

    c.    The wholesale establishment or retail supplier to which the subject product was shipped, giving approximate date of shipment; and

    d.    The date, invoice number, serial number and all other identification features of the record of sale to wholesaler or retailer, if you has such records.

4.    Do you contend that any other person or entity was the manufacturer of the subject product? If yes, please identify the person/entity who you contend to be the original manufacturer of the subject product and further state whether you had any contractual relationship with the person/entity identified herein, or whether you had any ownership interest in the person/entity identified herein, or whether you at any time acquired the assets and/or liabilities of the person/entity identified herein (also describing each writing relating to your acquisitions of the assets and/or liabilities of that person/entity).

5.    Did you assemble, manufacture, alter or repair in anyway the subject product in the five years preceding March 25, 2008? If yes, please state:

    a.    When did the assembly, manufacture, alteration or repair work take place; and

    b.    State exactly what work was performed.

6.   Please give the name, title and address of each person or entity who has custody of any records relating to the manufacture, distribution, alteration or repair work of the subject product for the two year period immediately preceding the ownership of the product in question.

7.   When and where did you purchase the subject product?

8.   Was the subject product purchased new, used or refurbished?

9.   Please state whether you, or any agent of yours, performed any tests to determine whether the subject product was reasonably safe for its intended use, the date it was performed and whether there existed a written protocol relating to each such test. If the answer is yes, please state whether the results of any test were referred to in any document filed with any public entity.

10.   Please also identify any person charged with the responsibility to evaluate the performance of the subject product in each such test.

6. Please give the name, title and address of each person or entity who has custody of any records relating to the manufacture, distribution, alteration or repair work of the subject product for the two year period immediately preceding the ownership of the product in question.

7. Did you purchase the subject product? If so, when, where and from whom did you purchase the product?

8. Was the subject product purchased new, used or refurbished?

9. Please state whether you, or any agent of yours, performed any tests to determine whether the subject product was reasonably safe for its intended use, the date it was performed and whether there existed a written protocol relating to each such test. If the answer is yes, please state whether the results of any test were referred to in any document filed with any public entity.

10. Please also identify any person charged with the responsibility to evaluate the performance of the subject product in each such test.

11.  Please state whether you took any action designed to warn against possible hazards related to the use of the subject product prior to subject incident. If so, please set forth the specific safety hazard that was the subject of the warning, and the nature of the action that you took to make such warning.

12.  Please state whether you provided any written instructions as to the use of the subject product. If so, please identify the person/entity who drafted the wording of the instructions and set forth the wording of the instruction itself.

13.  Please state whether you provided any training to your employees as to the use of the subject product. If so, please identify the person/entity who trained said employees on the use of the subject product and the date thereof.

14.  Please state whether the use to which the subject product was being put by GRINNELL CORPORATION at the time of the incident was a use that you anticipated when you designed, manufactured, assembled or purchased the product.

15.   Do you contend that the subject product was being misused at the time of the incident herein? If so, please state how the product was being misused and the manner in which such misuse contributed to the damages sustained.

16.   Please state whether prior to the subject incident did any person/entity contend to you that the subject product was defective? If so, please state the date that you was first apprized of that contention and the person/entity who advanced the contention, and identify each writing relating to that contention, as well as the custodian thereof.

17.   Please state whether you were aware of any claim of defect in the subject product prior to the subject incident. If so, please describe each defect and the date that the prior knowledge was communicated to you, and identify each writing relating to the communication of the prior knowledge, as well as its custodian.

18.   Please state whether you were apprized of any safety risk associated with the use of the subject product prior to the incident. If so, please set forth the date you were so apprized of the safety risk, the nature of the safety risk and the person/entity who so apprized you of the safety risk.

## **Acknowledgment**

STATE OF FLORIDA

COUNTY OF _____

     BEFORE ME, the undersigned authority, personally appeared _____ _____, who is the _____ of THE LUBRIZOL CORPORATION, being first duly sworn, deposes and states that _he has read the foregoing Answers to Interrogatories and that the same are true and correct to the best of h____ knowledge and belief.

THE LUBRIZOL CORPORATION

By: _____

SWORN TO and subscribed before me
this _____ day of _____, 200__.

Affiant is:

   ☐  Personally known to me; OR

   ☐  Has produced _____

_____
NOTARY PUBLIC, State of Florida
(Type, stamp or print name of notary, commission number and
date commission expires.)

as identification.

087598

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:

MORGAN STANLEY REAL
ESTATE U.S.,

     Plaintiff,

vs.

THE LUBRIZOL CORPORATION,
a foreign corporation; and GRINNELL LLC,
f/k/a GRINNELL FIRE PROTECTION
SYSTEMS COMPANY, INC., a foreign
limited liability company,

     Defendants.

_____/

**08  61572**

**11**



A TRUE COPY

DEC 17 2008

HOWARD C. FORMAN
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FL

## <u>NOTICE OF SERVING FIRST REQUEST TO PRODUCE TO DEFENDANT, THE LUBRIZOL CORPORATION</u>

COMES NOW the plaintiff, by and through undersigned counsel and pursuant to

Rule 1.350, Florida Rules of Civil Procedure, and propounds the attached First Request to

Produce to the defendant, THE LUBRIZOL CORPORATION, and requests said defendant

to produce to the offices of the undersigned attorneys the originals or best available copies

of the items requested, within the time and in the manner prescribed by the Rules.

## Certificate of Service

I HEREBY CERTIFY that on December 16, 2008, a true and correct copy hereof, as well as the original and one copy of the First Request to Produce were delivered to a qualified process server to be served upon said defendant along with the Summons and Complaint for Damages herein.

CONROY, SIMBERG, GANON, KREVANS, ABEL, LURVEY, MORROW & SCHEFER, P.A.
*Attorneys for Plaintiff*
3440 Hollywood Blvd., 2nd Floor
Hollywood, Florida 33021
Tel:   (954) 961-1400
Fax:   (954) 967-8577

By: _____
Stuart F. Cohen
Florida Bar No. 986178

- 2 -

## FIRST REQUEST TO PRODUCE TO DEFENDANT

### Definitions

a.  For purposes of this Request to Produce, the term "product" or "subject product" means the product identified in the Complaint for Damages as the "Piping."

b.  For purposes of this Request to Produce, the term "incident" or "subject incident" means the incident described in and which is the subject matter of the Complaint for Damages.

### Request to Produce

1.  Any and all statements made by the plaintiff or its agents, servants or employees pertaining to the subject matter of this lawsuit.

2.  Any and all statements of any witnesses revealing knowledge of facts relevant and material to the claims and defenses in the instant litigation.

3.  Any and all statements taken of any defendant revealing knowledge of facts relevant and material to the claims and defenses in the instant litigation.

4.  Any and all photographs, movies, charts and other documentary evidence of the scene, parties, or property involved in or pertaining to the subject incident, occurrences or issues involved in this litigation.

5.  Any and all materials, whether written, photographic, videographic or otherwise, used to advertise and/or promote the sale and use of the product which is the subject of this litigation.

6.  Any and all design specifications and drawings for the product which is the subject of this litigation.

7.  Any and all reports or other written results of tests performed on the product which is the subject of this litigation, or its prototypes.

8.  Any and all documents, including reports, correspondence, memos or other communications evidencing problems or complaints with regard to the subject product within the five-year period prior to the date of the subject incident.

9.    Any and all "insurance policies" providing benefits or coverage to the defendant for any claimed injury or damage from the subject incident. This Request for Production is being made to the defendant, individually, and not its insurance carrier. The term "insurance policy" includes (a) declaration page(s); (b) all endorsements; and (c) all application(s) for insurance.

087598

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:    **08  61572**

MORGAN STANLEY REAL
ESTATE U.S.,

      Plaintiff,

vs.

THE LUBRIZOL CORPORATION, a
foreign corporation; and GRINNELL LLC,
f/k/a GRINNELL FIRE PROTECTION
SYSTEMS COMPANY, INC., a foreign
limited liability company,

      Defendants.

_____/



A TRUE COPY
DEC 17 2008
HOWARD C. FORMAN
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FL

## NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO DEFENDANT, GRINNELL LLC

      COMES NOW the plaintiff, by and through undersigned counsel and pursuant to Rule 1.340, Florida Rules of Civil Procedure, and propounds the attached First Set of Interrogatories, numbered 1 through 18, to the defendant, GRINNELL LLC, f/k/a GRINNELL FIRE PROTECTION SYSTEMS COMPANY, INC., to be answered in writing, under oath, within the time and in the manner prescribed by the Rules.

## Certificate of Service

I HEREBY CERTIFY that on December 16, 2008, a true and correct copy hereof, as well as the original and one copy of the First Set of Interrogatories, were delivered to a qualified process server to be served upon said defendant along with the Summons and Complaint for Damages herein.

CONROY, SIMBERG, GANON, KREVANS,
ABEL, LURVEY, MORROW & SCHEFER, P.A.
*Attorneys for Plaintiff*
3440 Hollywood Blvd., 2nd Floor
Hollywood, Florida 33021
Tel:   (954) 961-1400
Fax:   (954) 967-8577

By: _____

Stuart F. Cohen
Florida Bar No. 986178

## FIRST SET OF INTERROGATORIES TO DEFENDANT

*(If answering for another person or entity,*
*answer with respect to that person or*
*entity, unless otherwise stated.)*

1.  What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.  Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in plaintiff's complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

3.  Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

4.  Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

5.   State the facts upon which you rely for each affirmative defense in your Answer to the Complaint herein.

6.   Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

7.   Were you charged with any violation of law (including any regulations or ordinance) arising out of the incident described in the complaint? If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding the charge, and if so, what is the name and address of the person or entity who prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

8.   List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

9. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

10. State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

11. Please state the name of the person or entity responsible for supervision of your work on the construction site which is the subject of this action. If said person or entity assumed such responsibility by contract, please identify all parties to this contract, and identify this contract with enough specificity to frame a request for production for the same.

12. Please state the names and addresses of each and every employee, agent or servant of yours responsible for any type of inspection or supervision on the construction site. For each such person, please also state with specificity the nature of said inspection, as well as the date(s) that any such inspection was performed. Please also state whether each such person is still employed by defendant, and if so, in what capacity.

13.   Please state the name and address of your foreperson, or the person or entity responsible for supervision or oversight for your work on the Project which is the subject of this action. Please also state whether such person is still employed by you, and if, in what capacity. If this person is no longer employed by you, please state the person's last date of employment and last known address.

14.   Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

15.   Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

16.   Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were the plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

17. Do you or your attorneys have any photographs of the accident scene or persons involved, or any maps, plans, charts, diagrams or any other documentary or tangible items which are or may become evidence in this case?  If so, state the name and address of the photographer or other producer of such documentation or tangible item and the name of the person, firm or entity who hired him for the described purpose.

18. Identify all persons known by you to have knowledge of the work and services performed by you and the materials provided by you on the project which is the subject matter of this litigation.

**Acknowledgment**

STATE OF _____

COUNTY OF _____

      BEFORE ME, the undersigned authority, personally appeared _____
_____, who is the _____ of GRINNELL LLC,
being first duly sworn, deposes and states that ____he has read the foregoing Answers to
Interrogatories and that the same are true and correct to the best of h_____ knowledge and
belief.

GRINNELL LLC

By: _____

SWORN TO and subscribed before me
this _____ day of _____, 200__.

Affiant is:

☐  Personally known to me; OR

☐  Has produced _____

_____

_____

NOTARY PUBLIC, State of _____
(Type, stamp or print name of notary, commission number and date
commission expires.)

as identification.

087598

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:   08   61572

MORGAN STANLEY REAL
ESTATE U.S.,

    Plaintiff,

vs.

THE LUBRIZOL CORPORATION,
a foreign corporation; and GRINNELL LLC,
f/k/a GRINNELL FIRE PROTECTION
SYSTEMS COMPANY, INC., a foreign
limited liability company,

    Defendants.

A TRUE COPY

DEC 17 2008

HOWARD C. FORMAN
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FL

## NOTICE OF SERVING FIRST REQUEST TO PRODUCE
## TO DEFENDANT, GRINNELL LLC

COMES NOW the plaintiff, by and through undersigned counsel and pursuant to

Rule 1.350, Florida Rules of Civil Procedure, and propounds the attached First Request to

Produce to the defendant, GRINNELL LLC, f/k/a GRINNELL FIRE PROTECTION

SYSTEMS COMPANY, INC., and requests said defendant to produce to the offices of the

undersigned attorneys the originals or best available copies of the items requested, within

the time and in the manner prescribed by the Rules.

## Certificate of Service

I HEREBY CERTIFY that on December 16, 2008, a true and correct copy hereof, as well as the original and one copy of the First Request to Produce were delivered to a qualified process server to be served upon said defendant along with the Summons and Complaint for Damages herein.

CONROY, SIMBERG, GANON, KREVANS,
ABEL, LURVEY, MORROW & SCHEFER, P.A.
*Attorneys for Plaintiff*
3440 Hollywood Blvd., 2nd Floor
Hollywood, Florida 33021
Tel:   (954) 961-1400
Fax:   (954) 967-8577


By: _____
Stuart F. Cohen
Florida Bar No. 986178

- 2 -

## FIRST REQUEST TO PRODUCE TO DEFENDANT

### Definitions

a.    For purposes of these Requests for Production, the words "you" and "your" refer to the defendant, GRINNELL CORPORATION, f/k/a GRINNELL FIRE PROTECTION SYSTEMS COMPANY, and/or its agents, servants and employees.

b.    For purposes of these Requests for Production, the term "the Project" refers and/or relates to the construction project which is the subject of the litigation herein.

### Request for Production

1.    Any and all documents referred to in your answers to interrogatories served with this Request to Produce.

2.    All architectural, roof, structural, electrical, plumbing, air conditioning and mechanical plans, blueprints, tracings and specifications, together with transmittal documents for the Project.

3.    All reports, technical or otherwise, pertaining to the defects alleged in the Complaint.

4.    All work orders by, from, to or between involved individuals or entities relating to the Project.

5.    All documents evidencing the ordering, purchase or delivery of materials and supplies related to the Project.

6.    All applications for payment or draws, together with supporting documentation, relating to the Project.

7.    All manufacturers' specifications for materials used in the construction of the Project.

8.    All shop drawings for all of the component parts and structures of the building and appurtenances relating to the Project.

9.   All papers, correspondence, documents or other tangible items pertaining to any corrective action, repairs or consideration of repairs or corrective action to matters alleged in the Complaint.

10.   All contracts, subcontracts, written agreements, change orders, memoranda or oral agreements entered into between the plaintiff and/or its subrogor and anybody who performed on the Project.

11.   All pleadings and papers filed in lawsuits other than this suit, relating in any way to the Project.

12.   All punch list documents consisting of but not limited to the punch lists, work orders issued to complete or correct the punch list items and records indicating the disposition of such work orders for the Project.

13.   All documents concerning any warranties, complaints or notice of problems by, from, to or between the involved individuals or entities concerning work, labor or services performed on the Project, together with all work orders issued to correct the subject of such complaints or notices, as well as records indicating the costs of correction or repair resulting from such complaints or notices.

14.   Cancelled checks showing actual payment of all amounts paid to you for work on the Project.

15.   All documents indicating the nature, extent, cost or estimate of cost of any and all warranty work, repairs and additional work or damages, whether completed or not, on or about the Project before or after the issuance of certificates of occupancy for the Project.

16.   All consultants' reports of any nature pertaining to the matter(s) referred to in the Complaint.

17.   All inspection reports, progress reports, photographs (duplicate prints, not photocopies), videotapes, plans, specifications, graphs, drawings, notes, studies and all other certificates or approvals made or issued by or to the plaintiff and/or its subrogor, any of the defendants, or by any or all third persons or entities which relate in any manner to the acts or omissions of any of the defendants and the occurrences, facts or circumstances surrounding the issues set forth in the Complaint.

18.   All certificates of occupancy and applications therefor.

19.   All change orders which refer or relate to the Project.

20.   Any and all check lists, inspection logs or other documents which refer or relate to the construction, inspection and acceptance of the Project.

21.   Copies of all logs or time sheets of any persons, contractors or subcontractors engaged in any type of warranty, repair or corrective work pertaining to the alleged defects and deficiencies referred to in the Complaint.

22.   A list of the names and addresses of all personnel employed by you who performed any work on the Project.

23.   All documents, photographs (duplicate prints, not photocopies) or videotapes upon which the testimony of experts consulted, hired or used by you which reflects the opinion of such experts, whether or not such experts are expected to testify at trial.

24.   Duplicate prints (not photocopies) of any and all photographs and/or videotapes depicting or which in any way refer to or relate to the allegations contained in Complaint.

25.   Duplicate prints (not photocopies) of any and all photographs and videotapes taken before, during and after construction of the Project.

26.   All statements obtained by you or your attorneys of any of the defendants their agents, servants and employees, either recorded or written, pertaining to the Project.

27.   Copies of any agreements entered into by you or on your behalf with any other Party, person, firm, or corporation whom you contend may have some liability for the alleged defects and/or deficiencies in the Project.

28.   A complete list of all subcontractors who participated in any fashion in construction work on the Project.

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 08-61572

MORGAN STANLEY REAL
ESTATE U.S.,

        Plaintiff,

vs.

THE LUBRIZOL CORPORATION,
a foreign corporation; and GRINNELL LLC,
f/k/a GRINNELL FIRE PROTECTION
SYSTEMS COMPANY, INC., a foreign
Limited liability company,

        Defendants.
-------------------------------------------------------

### DEFENDANT THE LUBRIZOL CORPORATION'S
### ANSWER AND AFFIRMATIVE DEFENSES TO
### PLAINTIFF'S COMPLAINT FOR DAMAGES

Pursuant to Rule 1.140 of the Florida Rules of Civil Procedure, Defendant THE

LUBRIZOL CORPORATION ("Lubrizol") answers Plaintiff's Complaint for Damages (the

"Complaint") and states as follows:

1.     Lubrizol admits that Plaintiff purports to bring an action within the

jurisdiction of this Court. Lubrizol denies that Plaintiff is entitled to any relief requested

in its Complaint. Lubrizol is without knowledge of the remaining allegations contained in

paragraph 1 of the Complaint and therefore denies the same.

2.     Lubrizol admits that it is an Ohio corporation licensed to do business in the State of Florida.  Lubrizol is without knowledge of the remaining allegations contained in paragraph 2 of the Complaint and therefore denies the same.

3.     Lubrizol denies the allegations set forth in Paragraph 3 of the Complaint.

4.     Lubrizol denies any and all allegations of paragraph 4 of the Complaint that are directed towards Lubrizol.  Lubrizol is without knowledge of the remaining allegations contained in paragraph 4 of the Complaint and therefore denies the same.

5.     Lubrizol denies the allegations set forth in Paragraph 5 of the Complaint.

6.     Lubrizol is without knowledge of the allegations contained in paragraph 6 of the Complaint and therefore denies the same.

7.     Lubrizol is without knowledge of the allegations contained in paragraph 7 of the Complaint and therefore denies the same.

### COUNT I

**Strict Products Liability**
**Against Defendants Lubrizol and Grinnell**

Lubrizol incorporates by reference its responses to the allegations of the paragraphs 1 through 7 of the Complaint.

8.     Lubrizol denies any and all allegations set forth in Paragraph 8 of the Complaint that are directed towards Lubrizol.   Lubrizol is without knowledge of the remaining allegations contained in paragraph 8 of the Complaint and therefore denies the same.

9.     The allegations in paragraph 9 state legal conclusions to which no response is required.  To the extent that a response is required, Lubrizol denies any and all allegations set forth in Paragraph 9 of the Complaint that are directed towards

2

Lubrizol.    Lubrizol is without knowledge of the remaining allegations contained in paragraph 9 of the Complaint and therefore denies the same.

10.    The allegations in paragraph 10 state legal conclusions to which no response is required.  To the extent that a response is required, Lubrizol denies the allegations set forth in paragraph 10 of the Complaint.

11.    The allegations in paragraph 11 state legal conclusions to which no response is required.  To the extent that a response is required, Lubrizol is without knowledge of the allegations set forth in paragraph 11 of the Complaint and therefore denies the same.

12.    The allegations in paragraph 12 state legal conclusions to which no response is required.  To the extent that a response is required, Lubrizol denies any and all allegations set forth in Paragraph 12 of the Complaint that are directed towards Lubrizol.    Lubrizol is without knowledge of the remaining allegations contained in paragraph 12 of the Complaint and therefore denies the same.

13.    The allegations in paragraph 13 state legal conclusions to which no response is required.  To the extent that a response is required, Lubrizol denies the allegations set forth in paragraph 13 of the Complaint.

Lubrizol denies that Plaintiff is entitled to any relief requested in the unnumbered WHEREFORE clause following paragraph 13 of the Complaint.

## COUNT II

### Negligence Against Defendants Lubrizol and Grinnell

Lubrizol incorporates by reference its responses to the allegations of the paragraphs 1 through 7 of the Complaint.

3

14.     The allegations in paragraph 14 state legal conclusions to which no response is required. To the extent that a response is required, Lubrizol denies any and all allegations set forth in Paragraph 14 of the Complaint that are directed towards Lubrizol.     Lubrizol is without knowledge of the remaining allegations contained in paragraph 14 of the Complaint and therefore denies the same.

15.     The allegations in paragraph 15 state legal conclusions to which no response is required. To the extent that a response is required, Lubrizol denies any and all allegations set forth in Paragraph 15 of the Complaint that are directed towards Lubrizol.     Lubrizol is without knowledge of the remaining allegations contained in paragraph 15 of the Complaint and therefore denies the same.

16.     The allegations in paragraph 16 state legal conclusions to which no response is required. To the extent that a response is required, Lubrizol denies any and all allegations set forth in Paragraph 16 of the Complaint that are directed towards Lubrizol.     Lubrizol is without knowledge of the remaining allegations contained in paragraph 16 of the Complaint and therefore denies the same.

17.     The allegations in paragraph 17 state legal conclusions to which no response is required. To the extent that a response is required, Lubrizol denies any and all allegations set forth in Paragraph 17 of the Complaint that are directed towards Lubrizol.     Lubrizol is without knowledge of the remaining allegations contained in paragraph 17 of the Complaint and therefore denies the same.

18.     The allegations in paragraph 18 state legal conclusions to which no response is required.  To the extent that a response is required, Lubrizol is without

4

knowledge of the allegations set forth in paragraph 18 of the Complaint and therefore denies the same.

19.     The allegations in paragraph 19 state legal conclusions to which no response is required. To the extent that a response is required, Lubrizol denies any and all allegations set forth in Paragraph 19 of the Complaint that are directed towards Lubrizol.     Lubrizol is without knowledge of the remaining allegations contained in paragraph 19 of the Complaint and therefore denies the same.

20.     The allegations in paragraph 20 state legal conclusions to which no response is required. To the extent that a response is required, Lubrizol denies any and all allegations set forth in Paragraph 20 of the Complaint that are directed towards Lubrizol.     Lubrizol is without knowledge of the remaining allegations contained in paragraph 20 of the Complaint and therefore denies the same.

Lubrizol denies that Plaintiff is entitled to any relief requested in the unnumbered WHEREFORE clause following paragraph 20 of the Complaint.

### COUNT III

#### Negligence Against Defendant Grinnell

Lubrizol incorporates by reference its responses to the allegations of the paragraphs 1 through 7 of the Complaint.

21.     Lubrizol will not respond to the allegations contained in paragraph 21 of the Complaint as they are not directed against Lubrizol. To the extent a response is required, Lubrizol denies any and all allegations in paragraph 21 of the Complaint.

22.     Lubrizol will not respond to the allegations contained in paragraph 22 of the Complaint as they are not directed against Lubrizol.  To the extent a response is required, Lubrizol denies any and all allegations in paragraph 22 of the Complaint.

23.     Lubrizol will not respond to the allegations contained in paragraph 23 of the Complaint as they are not directed against Lubrizol.  To the extent a response is required, Lubrizol denies any and all allegations in paragraph 23 of the Complaint.

Lubrizol denies that Plaintiff is entitled to any relief requested in the unnumbered WHEREFORE clause following paragraph 23 of the Complaint.

### GENERAL DENIAL

Lubrizol denies each and every allegation not specifically admitted herein.

### AFFIRMATIVE DEFENSES

Lubrizol, by counsel, reserves the right to rely upon the following affirmative defenses to the claims asserted in Plaintiff's Complaint to the extent supported by evidence later developed or facts later learned, without now assuming the burden of proof on any such defense that would otherwise rest on Plaintiff and with the reservation of its right to amend or supplement its responses to Plaintiff's Complaint, as well as its affirmative defenses, as information is gathered through discovery:

### First Affirmative Defense

1.     The Complaint should be dismissed for failure to state a claim against Lubrizol upon which relief may be granted.

### Second Affirmative Defense

2.     Plaintiff's damages, if any, were not proximately caused by any act or omission of Lubrizol or its employees.

6

### Third Affirmative Defense

3.     Plaintiff's failure to follow the instructions and warnings given by Lubrizol and/or the manufacturer of the fire sprinkler pipe was the proximate cause of the pipe failures that occurred.

### Fourth Affirmative Defense

4.     The occurrence and damages, if any, alleged in Plaintiff's Complaint were caused, in whole or in part, by the fault and/or acts or omissions of Plaintiff, its agents, employees or representatives, so that Plaintiff's claims should be entirely denied or reduced by the percentage of negligence attributed to Plaintiff, its employees, agents or representatives.

### Fifth Affirmative Defense

5.     Plaintiff's damages were due to an unforeseeable misuse of the product, thus Plaintiff is barred from recovery.

### Sixth Affirmative Defense

6.     Even if Lubrizol can be held liable, negligent, or responsible in any manner as alleged by Plaintiff, all of which is denied, Lubrizol's liability in any or all of these events was terminated by the intervening acts, negligence, omissions, intentional conduct or violations of others for whose conduct Lubrizol is not legally liable or responsible.

### Seventh Affirmative Defense

7.     The occurrence and damages, if any, alleged in Plaintiff's Complaint were caused, in whole or in part, by the fault and/or acts or omissions of persons and/or

7

entities over whom Lubrizol had no control or right of control and for whom Lubrizol is not responsible.

### Eighth Affirmative Defense

8.    Plaintiff's claims are barred by its failure to mitigate damages, if any.

### Ninth Affirmative Defense

9.    Plaintiff was damaged by instrumentalities that were neither in the control nor under the responsibility of Lubrizol.

### Tenth Affirmative Defense

10.    Plaintiff's action is barred in whole or in part by the doctrines of estoppel, laches, unclean hands and/or waiver.

### Eleventh Affirmative Defense

11.    To the extent any benefits have been paid to Plaintiff, or which are otherwise available to them from collateral sources, Lubrizol is entitled to a set-off against any damages awarded to Plaintiff.

### Twelfth Affirmative Defense

12.    Plaintiff's recovery is barred, in whole or in part, due to its discovery of the alleged defect and unreasonably continuing to use the product after discovering the alleged defect.

### Thirteenth Affirmative Defense

13.    Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

8

## Fourteenth Affirmative Defense

14.     Lubrizol asserts these affirmative defenses based upon information presently available and in order to avoid waiver. Lubrizol reserves the right to add to and to withdraw any of these affirmative defenses as further information becomes available.

## JURY DEMAND

Lubrizol demands a trial by jury on all issues.

Dated this 12th day of January, 2009.

Respectfully submitted,

McGuireWoods LLP

Eric C. Roberson
Florida Bar No. 0014649
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
Telephone:  904-798-3200
Facsimile:  904-798-3207
Email:  eroberson@mcguirewoods.com

Attorney for The Lubrizol Corporation

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the following by facsimile and U. S. Mail this 12th day of January, 2009:

Stuart F. Cohen, Esquire
Conroy, Simberg, Ganon, Krevans,
Abel, Lurvey, Morrow & Schefer, P.A.
3440 Hollywood Boulevard, 2nd Floor
Hollywood, Florida 33021
Attorneys for Plaintiff

_____
Attorney

\7031797.1

10

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

MORGAN STANLEY REAL ESTATE U.S.,

                                         CASE NO.

            Plaintiff,

v.

THE LUBRIZOL CORPORATION, an Ohio
corporation; and SIMPLEXGRINNELL LP, a
Delaware limited liability company,

            Defendants.

_____/

## DEFENDANT SIMPLEXGRINNELL LP'S
## RULE 7.1 CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, SimplexGrinnell LP ("SimplexGrinnell") submits this corporate disclosure statement.

SimplexGrinnell is a Delaware limited partnership, with its principal place of business located in Boca Raton, Florida, and its partners are comprised of GFS Holding, a Delaware general partnership; Master Protection Corporation, a Delaware corporation; STR Grinnell GP Holding, Inc., a Nevada corporation; and Simplex Time Recorder Co., a Massachusetts corporation.

The parent company of SimplexGrinnell is Tyco International Ltd. SimplexGrinnell is a wholly-owned subsidiary of Tyco International Ltd. and is not a publicly-traded company. Tyco International Ltd. is publicly traded on the New York and London stock exchanges.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.
Miami Center, Suite 2400
201 South Biscayne Boulevard
Miami, FL  33131-4332
Telephone:  305-358-5171
Facsimile:  305-358-7470
skozolchyk@shb.com

By: _____
    SALO KOZOLCHYK
    Florida Bar No. 0017364

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of January, 2009, the foregoing was furnished via U.S. Mail to following counsel:

| | |
|---|---|
| Scott F. Cohen<br>CONROY, SIMBERG, GANON, KREVANS, ABEL, LURVEY, MORROW & SCHEFER, P.A.<br>3440 Hollywood Boulevard.<br>Second Floor<br>Hollywood, FL  33021<br>Telephone:  954-961-1400<br>Facsimile:  954-967-8577<br>scohen@conroysimberg.com<br><br>***ATTORNEYS FOR PLAINTIFF*** | Eric C. Roberson<br>McGUIREWOODS LLP<br>Bank of America Tower, Suite 3300<br>50 North Laura Street,<br>Jacksonville, FL  32202-3661<br>Telephone:  904.798.2614<br>Facsimile:  904.360.6351<br>eroberson@mcguirewoods.com<br><br>James C. Earle<br>McGUIREWOODS LLP<br>1800 Century Park East<br>Eighth Floor<br>Los Angeles, CA  90067<br>Telephone:  310.315.8286<br>Facsimile:  310.956.3186<br>jearle@mcguirewoods.com<br><br>***ATTORNEYS FOR DEFENDANT***<br>***THE LUBRIZOL CORPORATION*** |

_____
Salo Kozolchyk

- 2 -

**CIVIL COVER SHEET**

&JS 44  (Rev. 2/08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**09 - 60106**

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| MORGAN STANLEY REAL ESTATE U.S. | THE LULBRIZOL CORPORATION, an Ohio corporation; and SIMPLEXGRINNELL LP, a Delaware limited liability company |

**(b)** County of Residence of First Listed Plaintiff   Unknown (not Ohio, Florida or Delaware)
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Lake County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

CIV - GOLD
/ McALILEY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Scott F. Cohen, CONROY, SIMBERG, et al., 3440 Hollywood, Boulevard, Second Floor, Hollywood, FL  33021 - Tel: 954-961-1400

09-60106 — Gold / McAliley

Attorneys (If Known)
Salo Kozolchyk, Shook, Hardy & Bacon, LLP, 201 S. Biscayne Blvd., 24th FL, Miami, FL 33131-4332 – Tel: 305-358-5171

**(d)** Check County Where Action Arose:  ☐ MIAMI - DADE  ☐ MONROE  ☒ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

| **II. BASIS OF JURISDICTION** (Place an "X" in One Box Only) | **III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) |
|---|---|

(For Diversity Cases Only)

| | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) | Citizen of This State ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| | | Citizen or Subject of a Foreign Country ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☒ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☒ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization | | ☐ 950 Constitutionality of State |
| | Employment | ☐ 550 Civil Rights | Application | | Statutes |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien | | |
| | Other | | Detainee | | |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

| **V. ORIGIN** (Place an "X" in One Box Only) | | | | | Appeal to District |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Re-filed (see VI below) | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

FILED by ___ D.C.

JAN 20 2009

STEVEN M. LARIMORE
CLERK U.S. DIST CT
S.D. of FLA. – MIAMI

| **VI. RELATED/RE-FILED CASE(S).** | (See instructions second page): | a) Re-filed Case ☐ YES ☐ NO      b) Related Cases ☐ YES ☐ NO |
|---|---|---|
| | | JUDGE                          DOCKET NUMBER |

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. 28 Sections 1441 AND 1446

LENGTH OF TRIAL via  5-7  days estimated (for both sides to try entire case)

| **VIII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** | CHECK YES only if demanded in complaint: JURY DEMAND:  ☒ Yes  ☐ No |
|---|---|---|---|

| ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE | SIGNATURE OF ATTORNEY OF RECORD   Salo Kozolchyk, Esq. | DATE  1-20-09 |
|---|---|---|

**FOR OFFICE USE ONLY**

AMOUNT  350 -          RECEIPT #  993705      IFP